FILED
United States Court of Appeals
Tenth Circuit

November 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

TEWODROS G. JEMANEH,

     Plaintiff - Appellant,

v.

THE UNIVERSITY OF WYOMING;
THE UNIVERSITY OF WYOMING
COLLEGE OF HEALTH SCIENCES;
THE UNIVERSITY OF WYOMING
SCHOOL OF PHARMACY; TOM
BUCHANAN, in his individual and
official capacities; NELL RUSSELL, in
her individual and official capacities;
JOSEPH F. STEINER, in his individual
and official capacities; DAVID L.
JONES, in his individual and official
capacities; JOHN H. VANDEL, in his
individual and official capacities;
BEVERLY A. SULLIVAN, in her
individual and official capacities;
JAIME R. HORNECKER, in her
individual and official capacities;
JANELLE L. KRUEGER, in her
individual and official capacities; CARA
A. HARSHBERGER, in her individual
and official capacities; AMY L.
STUMP, in her individual and official
capacities; AGATHA CHRISTIE
NELSON, in her individual and official
capacities; KATHLEEN A.
THOMPSON, in her individual and
official capacities; MARIA A.
BENNETT, in her individual and
official capacities,

     Defendants - Appellees.

No. 15-1121
(D.C. No. 1:12-CV-02383-RM-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

In a 118-page complaint Mr. Jemaneh alleged a conspiracy to violate his constitutional rights and force him to leave the University of Wyoming's doctor-of-pharmacy program after he received a failing grade. The district court dismissed the complaint for failure to state a claim. On appeal, Mr. Jemaneh argues that the district court erred by allowing the defendants to file successive Rule 12(b) motions to dismiss, pointing out that Rule 12(g)(2) prohibits a party from "raising a defense or objection that was available to the party but omitted from [an] earlier [Rule 12(b)] motion." Fed. R. Civ. P. 12(g)(2). As it happens, however, there are exceptions to this rule. Defenses such as failure to state a claim may be raised successively in a pleading, by a motion for judgment on the pleadings, or as late as trial. Fed. R. Civ. P. 12(h)(2). And certain Rule 12(b) arguments may be brought as well under Rule 12(c). *Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 704 (10th Cir. 2014). Even when a district court does err in permitting successive Rule 12(b) motions, the error may prove harmless to the plaintiff's substantial rights. *See* 28 U.S.C. § 2111. And

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

even assuming (without granting) the district court erred in this case by permitting successive Rule 12(b) motions, we can discern no more error than that. Mr. Jemaneh's opening appellate brief is largely a restatement of his lengthy complaint, and his argument consists of little more than a few sentences followed by a conclusory statement that the district court's decision was contrary to law and fact. We are mindful of our duty to give his Mr. Jemaneh's *pro se* pleadings a liberal construction, but even in doing so we can discern no reasoned basis for thinking his substantial rights were harmed by the procedures the district court followed in adjudicating this case — and neither are we able to discern any error in the merits of final disposition.

The judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

3